■ MAXCIE D. LITTLE, Petitioner, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul respondent's determination dated July 29, 1968 which dismissed petitioner from his position of Railroad Clerk in respondent's employ. Determination confirmed and proceeding dismissed on the merits, without costs. Following an investigation by several Transit Authority inspectors, petitioner was charged with collecting 20-cent cash fares on five separate dates, from January 3, 1968 to February 13, 1968, both inclusive, and, instead of tendering subway tokens therefor, motioning the intended passenger through the exit gate in lieu of permitting him to use the turnstile. After a hearing petitioner was found guilty as to three of the specified instances of theft and the charge was sustained. The court is unanimous that the evidence was sufficient to sustain that finding and disagrees only with respect to the question whether the punishment was excessive. It is the

view of the majority that it was not. We are authorized to set aside a determination by an administrative agency "only if the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Stolz* v. *Board of Regents*, 4 A D 2d 361, 364). By that test we are of the opinion that the determination of the Authority may not be disturbed. The three proven thefts occurred over a period of weeks, so that, although only 60 cents was involved, what was disclosed was a pattern of dishonest conduct. There must be the severest kind of penalty for such misfeasance to insure honesty in those who handle money where there is no other check than the integrity of the employee. Christ, P. J., Rabin and Munder, JJ., concur; Hopkins and Brennan, JJ., dissent and vote to modify the determination so as to reduce the penalty to a suspension without pay for six months, with the following memorandum: Although we strongly disapprove of the theft of 60 cents by petitioner, in our opinion the punishment of dismissal after 26 years of service with an otherwise fair record amounted to unduly harsh discipline and an abuse of the Authority's discretion (CPLR 7803, subd. 3). We believe justice will be served no less, and perhaps more, with a reduction of the penalty to a six months' suspension without pay (cf. *Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37).